UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENYA LAWRENCE, ) | |
| ) | |
| v. ) | Case: 1:22-cv-03672 |
| ) | |
| HUMBOLDT PARK HEALTH, ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |
| ) | |

# COMPLAINT

Plaintiff, Kenya Lawrence ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Humboldt Park Health ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants race discrimination and retaliation under Title VII. In addition, this lawsuit also alleges violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") and retaliatory discharge.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Count IV

through 28 U.S.C. Sec. 1367.

5. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

6. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

7. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

8. During the applicable limitations period, Defendant has had at least fifty employees, has been an "employer" as defined by Title VII and FMLA, and has been engaged in an industry affecting commerce.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII.

10. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

11. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

12. Plaintiff is an individual residing in Cook County, IL.

13. Defendant operates a non-profit medical center at 1044 N. Francisco Ave Chicago, IL 60622, which is in this judicial district.

14. At all times relevant, Plaintiff was employed and worked at Defendant's facility

location at 339 West 109th Place, Chicago, IL 60628.

## BACKGROUND FACTS

15. Plaintiff identifies as an African-American individual.

16. Plaintiff began working for Defendant as a Certified Central Sterile Technician on or about December 9, 2019.

17. Since at least February 1, 2021 through August 14, 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

18. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

19. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

20. On or about mid-January, Plaintiff intended to take FMLA leave in order to care for her spouse that was suffering from a life-threatening condition.

21. Plaintiff was not informed of her rights under FMLA.

22. Plaintiff took personal unprotected unpaid leave to take care of her spouse.

23. During Plaintiff's leave she was harassed by the Director of Nursing that she had to come into work because there was no one to cover Plaintiff's shift.

24. Plaintiff had to leave her spouse and return to work because of the pressure to return to work.

25. Effectively, her FMLA rights were denied.

26. On or about June 16, 2021, Plaintiff observed a non-employee and non-authorized personnel inspecting surgical instruments.

27. Plaintiff reported this safety and security concern to Human Resources.

28. After making this report, Maria (LNU) (non-African American) retaliated against Plaintiff for making the complaint, by suspending her.

29. On or about June 17, 2021, Plaintiff was interviewed about the June 16, 2021 incident and was again berated by Maria.

30. An investigation into the June 16, 2021 incident occurred.

31. The investigation was conducted in a discriminatory fashion on the basis of race.

32. On June 29, 2021, the investigation was complete.

33. On June 29, 2021, Plaintiff was terminated in pre-text fashion and the real reason was that she African-American and that she reported a non-employee and non-authorized personnel inspecting surgical instruments.

34. Based on reasonable belief, there is a pattern of discrimination on the basis of race by the Defendant in which Plaintiff's termination is a product of.

35. African-American employees are treated less favorable than non-African Americans employees by the Defendant.

### COUNT I
### Violation of 42 U.S.C. Section 1981
### Race-Based Discrimination

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

38. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

39. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

40. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.
### Race-Based Discrimination

41. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

42. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

43. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

44. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

45. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
### Violation of Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA")
### FMLA Interference

46. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

47. In January 2021, Plaintiff was eligible for FMLA leave.

48. At all times material, Plaintiff gave proper notice to her employer by informing them of her spouse's serious medical condition.

49. Defendant controlled Plaintiff's work schedule and conditions of employment.

50. Plaintiff provided enough information for her employer to know that her potential leave may be covered by the FMLA.

51. Despite their knowledge of Plaintiff's spouse's medical condition and life threatening situation, his employer failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

52. When Plaintiff's employer failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

53. As a result, Plaintiff has been damaged.

## COUNT IV
### Demand for Relief for Retaliatory Discharge

54. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

55. This Court has pendent jurisdiction and supplementary jurisdiction of this count through 28 U.S.C. Sec. 1367.

56. Illinois common law recognizes a cause of action for retaliatory discharge.

57. Plaintiff's employment was terminated by the Defendant.

58. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of reporting the illegal activity.

59. The termination of Plaintiff's employment violates a clear mandate of public

policy.

60. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

 a. Back pay with interest;

 b. Payment of interest on all back pay recoverable;

 c. Compensatory and punitive damages;

 d. Reasonable attorneys' fees and costs;

 e. Award pre-judgment interest if applicable; and

 f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of July, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*